**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02104-DME-NYW

DON BROKOP,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

FARMLAND PARTNERS INC.,
PAUL A PITTMAN, and
LUCA FABBRI,

Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 200) AND AMENDING THE CASE CAPTION**

---

This matter comes before the Court on Defendants' Fed. R. Civ. P. 12(b)(1), 12(h)(3) and 12(c) Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 200). For the following reasons, the Court DENIES Defendants' Motion to Dismiss and SUBSTITUTES Plaintiff Don Brokop "as trustee of the Brokop Living Trust" for Plaintiff Don Brokop, "individually," in the case caption.

## DISCUSSION

Following the voluntary withdrawal of two other named plaintiffs in this class action suit, Don Brokop became the sole Lead Plaintiff by order of this Court. (Doc.

195). Defendants allege in the instant motion that this Court lacks subject matter jurisdiction because Mr. Brokop does not have proper Article III standing. (Doc. 200).

Article III standing is a jurisdictional prerequisite to federal court review, requiring the plaintiff to show (1) an injury in fact that is (2) fairly traceable to defendants' conduct and (3) likely redressable by a favorable judicial ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The related prudential standing doctrine requires that a plaintiff (1) assert his own rights, rather than those belonging to third parties; (2) demonstrate that his claim is not simply a "generalized grievance;" and (3) show that his grievance falls within the zone of interests protected or regulated by the underlying statute or constitutional provision. Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002). In order to bring a class action, the named plaintiff must have individual standing and may not rely upon potential class members' injuries to establish their standing. Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n. 20 (1976).

The Second Amended Class Action Complaint, which added Mr. Brokop as a named plaintiff, stated that "he purchased [Defendant] FPI stock during the Class Period and was damaged upon the revelation of the alleged corrective disclosure." (Doc. 139 at 10). But discovery revealed that Mr. Brokop did not personally purchase or hold the relevant stock—it was bought by the Brokop Living Trust, of which Mr. Brokop and his wife are co-trustees. (Docs. 200-1, 200-2).

Defendants do not dispute that a trustee has standing to assert securities fraud claims on behalf of the trust, without adding the trust as a party. (Doc. 200 at 10, n. 5). Defendants also concede that Mr. Brokop has presented sufficient evidence showing he is a trustee of the Brokop Living Trust and that the trust held the stock giving rise to the securities fraud claims here. (Doc. 200 at 8). As such, Defendants make no argument that Mr. Brokop has failed to meet three Lujan constitutional standing requirements, id., or the prudential standing requirements, Geringer, 297 F.3d at 1112. Defendants' "standing" argument rather focuses on Plaintiff's failure to state specifically in the complaint that Mr. Brokop was suing in his capacity as a trustee rather than as an individual, and on his failure to show that his co-trustee (Mrs. Brokop) explicitly consented to sue, as required by California law.[1] (Doc. 200 at 8, 10).

Neither issue creates a question about Mr. Brokop's standing or the Court's jurisdiction under Article III. The first issue is in fact about the "real party in interest" requirement of Federal Rule of Civil Procedure 17(a) (requiring an action to "be prosecuted in the name of the real party in interest"). The second issue is about Mr. Brokop's "capacity to sue" under Federal Rule of Civil Procedure 17. While often confused with standing because of their effect on the right to bring a suit, real-party-in-interest issues and capacity-to-sue issues do not implicate Article III subject matter jurisdiction. See Fed. Deposit Ins. Corp. v. Bachman, 894 F.2d 1233, 1236 (10th Cir.

[1] The parties agree that California law governs this particular issue because the Brokops formed the trust under California law.

1990) ("Even if standing jurisprudence is helpful by analogy in resolving real-party-in-interest issues, this does not convert real party in interest into a nonwaivable issue of subject matter jurisdiction."); Hill v. Martinez, 87 F. Supp. 2d 1115, 1122 (D. Colo. 2000) (holding that "capacity to sue is not jurisdictional" and characterizing question of whether litigant can sue on behalf of an estate as a question of capacity rather than standing). On this basis alone, Defendants' Motion to Dismiss for lack of subject matter jurisdiction may be denied.

Recognizing, however, that the parties do not dispute that Mr. Brokop "as trustee" is the correct "real party in interest," the Court will resolve the issue simply by substituting "Don Brokop, as trustee of the Brokop Living Trust" for the current caption of "Don Brokop, individually." See Nelson v. Merrill Lynch Credit Corp., No. CV-14-08792-MWF (PLAx), 2015 WL 12765638, at *3 (C.D. Cal. Mar. 16, 2015) (unreported) (ordering caption amendment to cure standing issue where plaintiff erroneously sued in her individual capacity rather than in her trustee capacity); Castleglen, Inc. v. Commonwealth Sav. Ass'n, 118 F.R.D. 515, 517 (D. Utah 1988) (striking phrase "an individual" from the complaint where plaintiffs had erroneously sued defendant as individual instead of as trustee). The Court therefore orders that the caption be AMENDED from "Don Brokop, individually" to "Don Brokop, as trustee of the Brokop Living Trust."

As for the capacity-to-sue issue, Defendants are again correct that California law requires co-trustees to agree unanimously to take action (including filing a lawsuit) on

behalf of the trust, unless the trust instrument says otherwise. Cal. Prob. Code § 15620. But the burden was on the defendants to plead and show lack of capacity as an affirmative defense. Fed. R. Civ. P. 9(a) (instructing that a party seeking to raise the capacity issue "must do so by a specific denial" that "state[s] any supporting facts that are peculiarly within the party's knowledge"); Colorado Springs Cablevision, Inc. v. Lively, 579 F. Supp. 252, 255 (D. Colo. 1984). Defendants did not meet this burden, as the only basis of their argument against consent is that Mr. Brokop's showing (namely, his testimony that his wife implicitly consented to suit) was ambiguous and insufficient. (Doc. 200 at 12). And in any event, Defendants failed timely to raise the defense that Mr. Brokop lacked capacity to sue in their answer to the Second Amended Complaint. (Doc. 146). See Delta Consulting Grp., Inc. v. R. Randle Const., Inc., 554 F.3d 1133, 1140 (7th Cir. 2009) ("The lack of capacity to sue or be sued is a defense that must be pleaded with specificity or it is waived.").

**CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Doc. 200) and SUBSTITUTES Plaintiff Don Brokop, "as trustee of the Brokop Living Trust," for Plaintiff Don Brokop, "individually."

DONE AND SIGNED this 30th day of September, 2021.

BY THE COURT:

David M. Ebel

U. S. Circuit Court Judge