IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02104-DME-NYW

DON BROKOP, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

FARMLAND PARTNERS INC.,
PAUL A. PITTMAN, and
LUCA FABBRI,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Entered by Magistrate Judge Nina Y. Wang

This action is before the court for Recommendation on Plaintiff Don Brokop's ("Mr. Brokop" or "Plaintiff") Memorandum of Law in Support of Plaintiff's Unopposed Motion for Approval of Notice of Pendency of Class Action ("Motion") [Doc. 224, filed November 19, 2021]. Defendant Farmland Partners, Inc. ("FPI" or "Farmland"); Paul Pittman ("Mr. Pittman"); and Luca Fabbri ("Mr. Fabbri" and collectively, "Defendants") do not oppose the Motion. *See* [doc. 224 at 2]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b), the Order of Reference dated November 14, 2018 [Doc. 29], and the Memorandum dated November 19, 2021 [Doc. 227]. Having reviewed the Motion, the proposed Notices [Doc. 225-1; Doc. 225-2; Doc. 225-3], and the applicable case law, this court **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.[1]

---

[1] A motion for approval of class notice is not one of the dispositive motions listed in this District's Local Rules. *See* D.C.COLO.LCivR 72.3(a). However, 28 U.S.C. § 636(b)(1)(A)–(B) contemplate motions to permit maintenance of a class action be accomplished by Recommendation. In addition, Federal Rule of Civil Procedure 23(c)(2)(B) provides that the court

## BACKGROUND

The court has discussed in detail this action's background in previous rulings, and therefore, will only set forth the facts alleged most relevant to the disposition of the instant Motion. *See, e.g.*, [Doc. 39; Doc. 58; Doc. 199]. This is a class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, codified at 17 C.F.R. § 240.10b-5, brought pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. *See* [Doc. 44]. The original plaintiffs alleged that Defendants made materially false and misleading statements regarding the extent and nature of Farmland's related party transactions in making quarterly and yearly filings with the Securities and Exchange Commission ("SEC"). *See* [*id.* at 24–52].

This case proceeded to a Scheduling Conference on July 18, 2019. *See* [Doc. 63]. The Scheduling Order provided that the deadline to seek joinder of parties or amendment of pleadings was September 5, 2019. [Doc. 64 at 9]. The Scheduling Order also set December 16, 2019 as the deadline for the plaintiffs to file a motion for class certification, and January 28, 2020 as the deadline for document production. [*Id.*].

On December 16, 2019, the plaintiffs filed a Motion for Class Certification. [Doc. 75]. On July 23, 2021, this court issued a Recommendation that Plaintiff's Motion for Class Certification be "granted in part for the period after December 14, 2016, and denied in part as to the time period prior to December 14, 2016." [Doc. 199 at 43]. Defendants filed an Objection to the Recommendation [Doc. 202], Plaintiff responded [Doc. 205], and Defendants replied [Doc. 208]. On September 30, Judge Ebel adopted in part this court's Recommendation on Plaintiff's Motion

---

must "direct to class members the best notice that is practicable under the circumstances." Accordingly, this court proceeds by Recommendation.

for Class Certification, "certifying the class only as to the Class Period on and before February 23, 2017." [Doc. 214 at 1]. On November 19, Plaintiff filed the instant Motion [Doc. 224]. Being fully advised of the premises, this court turns to consider the Motion.

## LEGAL STANDARD

Upon the certification of a class, notice must be given to all class members. Fed. R. Civ. P. 23(e)(1) (the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal"). Indeed, Rule 23 requires that, for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition to the requirements of Rule 23, the Due Process Clause "also guarantees unnamed class members the right to notice of certification or settlement." *DeJulius v. New Eng. Health Care Employees Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005). This due process right does not require "actual notice to each party intended to be bound by the adjudication of a representative action." *DeJulius v. N.E. Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). Instead, the due process requirement is satisfied when "the best notice practicable under the circumstances [is given] including individual notice to all members who can be identified with reasonable effort," *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) (quotation omitted), which requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeJulius*, 429 F.3d at 944 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Federal Rules of Civil Procedure also provide substantive requirements for the notice to class members. Specifically, for classes certified under Rule 23(b)(3), the notice must clearly and concisely state

3

in pain, easily understood language:

    (i) the nature of the action;

    (ii) the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Courts have "great discretion and flexibility in determining what is the best notice procedure to utilize under the circumstances of the case at hand." 7AA Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1788 (3d ed., Apr. 2016 update) (footnote omitted); *Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-cv-2330-WJM-NYW, 2016 WL 9735730, at *1 (D. Colo. Dec. 29, 2016).

## ANALYSIS

Plaintiff asks that the court approve (1) the form and content of the proposed Notice of Pendency of Class Action ("Long-Form Notice"), the proposed Summary Notice of Pendency of Class Action ("Summary Notice"), and the Postcard Notice of Pendency of Class Action ("Postcard Notice") (collectively, the "Notices"); (2) the proposed method of disseminating the Notices to the Class; and (3) the selection of JND Legal Administration ("JND") as the administrator for Class Notice (the "Notice Administrator"). [Doc. 224]; *see also* [Doc. 225; Doc. 225-1 (Notice); Doc. 225-2 (Summary Notice); Doc. 225-3 (Postcard Notice)]. The court will address each request in turn.

***Form and Content of Notice.***  Plaintiff has provided the court with copies of the proposed Notices.  *See* [Doc. 225-1; Doc. 225-2; Doc. 225-3].  The Long Form Notice [Doc. 225-1] and Postcard Notice [Doc. 225-3] describe the nature of the action, [Doc. 225-1 at 2–3; Doc. 225-3 at 3]; define the class certified, [Doc. 225-1 at 1; Doc. 225-3 at 2]; describe the class claims, [Doc. 225-1 at 2; Doc. 225-3 at 3]; inform the class members that they may hire their own lawyer, [Doc. 225-1 at 5; Doc. 225-3 at 3]; inform the class members that they may exclude themselves from the class and provides the method for doing so, [Doc. 225-1 at 5–6; Doc. 225-3 at 3]; and inform the class members that judgment will be binding on them absent an opt-out, [Doc. 225-1 at 5–6], or, likewise, that they will not be bound by any judgment should they choose to be excluded, [Doc. 225-3 at 3].  Plaintiff also states he will post the Long-Form Notice on a dedicated website: www.farmlandpartnerssecuritieslitigation.com ("Class Website"), [Doc. 224 at 3], and the Postcard Notice includes a link to the website, *see* [Doc. 225-3 at 3].  Thus, the court is satisfied that the Long-Form Notice and Postcard Notice meet the substantive requirements of Rule 23(c)(2).[2]

However, the court finds the Summary Notice [Doc. 225-2] to be deficient.  For instance, it does not describe the nature of the action or the class claims, inform the class members that they may hire their own lawyer, or inform them that judgment will be binding on them absent opt-out. *See* [Doc. 225-2]; *see also In re Storage Tech. Securities Litig.*, No. 92-B-750, 1994 WL 1721015, at *5 (D. Colo. Dec. 29, 1994) (approving summary notice of pendency of class action that advised

---

[2] While the Long-Form and Postcard Notices do not yet include the toll-free number referenced in those Notices, JND Legal Administration's P.O. Box address, or the date by which putative Class Members can seek their exclusion from the class, *see* [Doc. 225-1; Doc. 225-3], it appears that inclusion of the foregoing information will be based on the court's disposition of the instant Motion.  Additionally, the Postcard Notice references, but does not include, a phone number where Class Members can obtain more information, *see* [Doc. 225-3], while the Long-Form Notice does include such a phone number, *see* [Doc. 225-1 at 7].

5

class members "of the pendency of this litigation against StorageTek and several of its officers and directors arising out of certain representations made to the public about the operations and prospects of StorageTek and the development of a new storage device named Iceberg, which plaintiffs claim were materially false and misleading"); *Gruber v. Gilbertson*, 16-CV-09727-JSR, 2021 WL 3524089, at *8 (S.D.N.Y. Aug. 10, 2021) (approving a summary notice that included a brief description of the plaintiff's claims and defendant's defenses); *Huyer v. Wells Fargo & Co.*, 4:08-CV-00507, 2014 WL 12696857, at *6 (S.D. Iowa Oct. 17, 2014) (approving summary notice that included the plaintiffs' allegations and claims); *In re Petro-Lewis Securities Litig.*, CIV. A. 84-C-326, 1984 WL 1415, at *5 (D. Colo. Dec. 28, 1984) (approving a "Summary Notice of Class Action and Hearing on Proposed Settlement" that "advised class members of the allegations in the pending litigation" and "also advised class members, <u>inter alia</u>, of their right to be excluded from the class, that judgment of the court … will include all members who do not request exclusion, and that any member who has not requested exclusion may enter an appearance" (emphasis in original)); *In re Spectranetics Corp. Securities Litig.*, No. 08-cv-02048-REB-KLM, 2010 WL 11553082, at *2 (D. Colo. Sept. 13, 2010) (approving a "Summary Notice of Proposed Settlement of Class Action" that included information that class members would be bound if they did not request exclusion (citing (ECF No. 152-3))).

Moreover, while the court does not conclude that all the information under Rule 23(c)(2)(B) need be expressly included in the Summary Notice, *see, e.g.*, *Storage Tech.*, 1994 WL 1721015, at *5 (approving summary notice that did not inform class members that they may hire their own lawyer or inform them that judgment will be binding on them absent opt-out), the Summary Notice must still make clear to Class Members *where* they can obtain all the information specified under that Rule 23. Here, the requisite information is included in the Long-Form Notice.

And as mentioned above, Plaintiff intends to place a copy of the Long-Form Notice on the Class Website for the Class Members' reference. However, unlike the Postcard Notice, the Summary Notice fails to clearly instruct Class Members of the existence of the Long-Form Notice, let alone how they can find it—i.e., by visiting the Class Website. *Compare* [Doc. 225-3] *with* [Doc. 225-2].

Specifically, while the Postcard Notice states "*THIS POSTCARD PROVIDES LIMITED INFORMATION ABOUT THE ACTION. VISIT [CLASS WEBSITE] FOR MORE INFORMATION*," the Summary Notice states that "the [Long-Form Notice] describes in more detail this Class Action and your rights with respect thereto," but then does not state where Class Members can find the Long-Form Notice. [Doc. 225-2 at 2 (stating "[y]ou also have the right to exclude yourself from the Class in accordance with the directions set forth in a more detailed [Long-Form Notice]" which "describes in more detail this Class Action and your rights with respect thereto.")]. And rather than instruct Class Members to visit the Class Website in order to review the Long-Form Notice, the Summary Notice instructs Class Members to visit the Class Website *only if* they "have not received a Postcard Notice by mail." [*Id.* (emphasis added)]. However, for "[i]nquiries other than requests for the Postcard Notice"—such as, to obtain a copy of the Long-Form Notice—Class Members are not directed to the Class Website. *See* [*id.*]; *see also Storage Tech.*, 1994 WL 1721015, at *5 (approving summary notice that directed the parties to contact class counsel if they had not received the long-form notice); *Gilbertson*, 2021 WL 3524089, at *8 (approving a summary notice that notified class members of the existence of a long-form notice, and directed them to a designated class website to obtain a copy if they had not received it); *Huyer*, 2014 WL 12696857, at *6 (same); *Spectranetics*, 2010 WL 11553082, at *2 (same) (citing (ECF No. 152-3)).

7

In sum, while the court finds the form and content of the Long Form and Postcard Notices to be adequate, the court does not find the Summary Notice to be adequate insofar as (1) it does not describe the nature of the action or the class claims; and (2) it does not expressly instruct Class Members to visit the Class Website to obtain further information regarding this action and their rights. *See* Fed. R. Civ. P. 23(c)(2)(B) ("The notice must clearly and concisely state in plain, easily understood language …").

For these reasons, the court respectfully **RECOMMENDS** that the Motion be **GRANTED** (1) insofar as it seeks approval of the content and form of the proposed Long-Form Notice and Postcard Notice; and (2) subject to the conditions that Plaintiff update (a) those Notices to include the toll-free number referenced in those Notices, JND Legal Administration's P.O. Box address, and the date by which putative Class Members can seek their exclusion from the class, and (b) the Postcard Notice to include a phone number where Class Members can obtain more information.

***Method of Distribution.***  Plaintiff proposes that Class Members be provided notice through a three-tiered distribution system. [Doc. 224 at 2–3].  First, Plaintiff, through his proposed Notice Administrator, would mail the Postcard Notice by first-class mail to potential Class members identified in Farmland's shareholder records or "who may otherwise be identified with reasonable effort," no later than fifty (50) business days after the court's entry of the Class Notice Order (the "Mailing Date"). [*Id.* at 4].[3]  Second, Plaintiff would post the Long-Form Notice on a website maintained by its proposed Notice Administrator, no later than the Mailing Date. [*Id.*].  Third, Plaintiff would publish the Summary Notice "on three (3) separate occasions over a national business-oriented wire service, five (5) business days apart, with the first transmittal occurring

---

[3] Plaintiff also asserts "[t]he proposed Postcard Notice program saves the Class considerable money compared to the cost of mailing the long-form Notice to all Class Members." [Doc. 224 at 3].

8

within ten (10) calendar days of the Mailing Date." [*Id*.]. And as mentioned above, Plaintiff will also post the Long-Form Notice on the Class Website. [*Id*. at 3].

The court agrees that mailing of the Postcard Notice, posting the Long-Form Notice on a website, and publication of the Summary Notice—notwithstanding the deficiencies addressed in the previous section—are adequate means to notify and inform members of the class. *See Tech Instrumentation Inc. v. Eurton Electric Co. Inc.*, No. 16-cv-02981-MSK-KMT, 2019 WL 4386401, at *1 (D. Colo. Sept. 13, 2019) (finding "a summary postcard and full notice posted on a website" were "adequate means to notify and inform members of the class"); *In re Molycorp, Inc. Securities Litig.*, No. 12-cv-00292-RM-KMT, 2017 WL 4333997, at *8 (D. Colo. Feb. 15, 2017), (finding the proposed method of giving notice to be adequate where the plaintiffs, "through an experienced claims administrator, … propose[d] to give interested parties notice in two ways: by First–Class Mail, addressed to all Members of the Class who can reasonably be identified and located, and by publication in a nationally-circulated newspaper, *The Wall Street Journal*, and over a national newswire service"), *report and recommendation adopted,* 2017 WL 4333998 (D. Colo. Mar. 6, 2017).

In addition, Plaintiff indicates that Farmland will provide Plaintiff with "its records of shareholder purchases for the applicable period," and the Long-Form Notice will then be mailed to all individuals identified on the shareholder records. [*Id.* at 5]. Plaintiff also states that—where Class Members were "beneficial purchasers whose common stock is held in 'street name'"—its proposed Notice Administrator maintains a database with names and addresses "of the largest and most common U.S. brokerage firms, banks, institutions, and other third-party nominees, and the Notice will be mailed to all of those firms," as well. [Doc. 224 at 5]. Moreover, the Long-Form Notice also includes an instruction to all individuals who "purchased Farmland common stock

9

during the Class Period for the beneficial interest of a person or organization" other than themselves to, within ten (10) days of receipt of the Postcard Notice, either

> (a) request from the Notice Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) provide a list of the names and the last known addresses of each person or entity for whom or which [they] purchased such common stock during the relevant period to the Notice Administrator.

[Doc. 225-1 at 6]; *see also* [Doc. 224 at 4–5]. Given the recency of the window for the putative class—individuals who purchased or otherwise acquired common stock of Farmland on the New York Stock Exchange between February 23, 2017 and July 10, 2018—the court is satisfied that this method is reasonably calculated to provide notice to all class members. "It is beyond dispute that notice by first class mail ordinarily satisfies [R]ule 23(c)(2)'s requirement that class members receive the best notice practicable under the circumstances." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992); *see also Nakkhumpun*, 2015 WL 6689399, at *7–8 (approving notice to class members in which notice was sent to all "identifiable class members at their last known address" and published once in *Investor's Business Daily* and once over *PR Newswire*); *Sibley v. Sprint Nextel Corp.*, No. cv 08-2063-KHV, 2018 WL 3145402, at *6 (D. Kan. June 27, 2018) (approving mailed notice to all class members where class counsel had "confirmed addresses for all but 47 of the 34,909 class members"); 3 Newberg on Class Actions § 8:28 (5th ed. 2017) (first-class mail "ideal" individual notice). For these reasons, the court respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent it seeks approval of the distribution method for the proposed Long-Form Notice and Postcard Notice.[4]

---

[4] The court does not find publishing the Summary Notice to be appropriate here given the deficiencies addressed in the previous section.

***Settlement Administrator.***  Finally, Plaintiff also requests approval of its choice of Notice administrator, JND. [Doc. 225 at 3–4]. Plaintiff represents that "JND is a well-regarded provider of administrative services related to class actions" and "[a]s one of the country's most experienced administrators for securities class action settlements, JND has successfully handled the notice and administration services for numerous securities class actions." [*Id.* at 4–5]. And, as mentioned, Plaintiff asserts that JND maintains a database with names and addresses "of the largest and most common U.S. brokerage firms, banks, institutions, and other third-party nominees, and the Notice will be mailed to all of those firms," as well. [Doc. 224 at 5].[5] The court finds Plaintiff's support for his request that JND be named as Notice Administrator to be wanting. *See Suaverdez v. Circle K Stores, Inc.*, No. 20-cv-01035-RM-NYW, 2021 WL 4947238, at *11 (D. Colo. June 28, 2021) (citing to "the declaration of JND's Chief Executive Officer" in support of request for preliminary approval of the settlement administrator), *report and recommendation adopted,* 2021 WL 5513740 (D. Colo. Oct. 19, 2021). The court nevertheless takes judicial notice of its recent Recommendation finding JND to be competent administrator of class action and other complex litigation settlements. *See id*. Accordingly, the court **RECOMMENDS** that the Motion be **GRANTED** to the extent it seeks approval of JND as Notice Administrator.

## CONCLUSION

For the reasons stated herein, the court respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion [Doc. 224] be **GRANTED IN PART AND DENIED IN PART**;

(2) Plaintiff's Motion be **GRANTED** (1) insofar as it seeks approval of the content and form of the proposed Long-Form Notice [Doc. 225-1] and Postcard Notice [Doc. 225-3]; and (2) subject to the conditions that Plaintiff update (a) those Notices to include the toll-free number referenced in those Notices, JND Legal

---

[5] Plaintiff also cites cases where JND was purportedly selected as the case administrator, but fails to include copies of those opinions for this court's reference. *See* [Doc. 224 at 5].

11

      Administration's P.O. Box address, and the date by which putative Class Members can seek their exclusion from the class, and (b) the Postcard Notice to include a phone number where Class Members can obtain more information; and

  (3) Plaintiff's Motion be **DENIED** insofar as it seeks approval of the content, form, and distribution method for the Summary Notice [Doc. 225-2].[6]

DATED: January 21, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales–Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).