IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02104-DME-NYW

DON BROKOP, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

FARMLAND PARTNERS INC.,
PAUL A. PITTMAN, and
LUCA FABBRI,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This action is before the court for Recommendation on Plaintiff Don Brokop's ("Mr. Brokop" or "Plaintiff") Revised Unopposed Motion for Approval of Notice of Pendency of Class Action ("Motion") [Doc. 291, filed March 7, 2022]. Defendant Farmland Partners, Inc. ("FPI" or "Farmland"); Paul Pittman ("Mr. Pittman"); and Luca Fabbri ("Mr. Fabbri" and collectively, "Defendants") do not oppose the Motion. *See* [Doc. 291 at 2]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b), the Order of Reference dated November 14, 2018 [Doc. 29], and the Memorandum dated March 8, 2022 [Doc. 293]. Having reviewed the Motion, the proposed Notices, and the applicable case law, this court **RECOMMENDS** that the Motion be **GRANTED** for the reasons stated herein and the reasons set forth in its prior Recommendation [Doc. 258].[1]

---

[1] A motion for approval of class notice is not one of the dispositive motions listed in this District's Local Rules. *See* D.C.COLO.LCivR 72.3(a). However, 28 U.S.C. § 636(b)(1)(A)–(B) contemplate motions to permit maintenance of a class action be accomplished by Recommendation. In addition, Federal Rule of Civil Procedure 23(c)(2)(B) provides that the court

## BACKGROUND

The court has discussed in detail this action's background in previous rulings, and therefore, will only set forth the facts alleged most relevant to the disposition of the instant Motion. *See, e.g.*, [Doc. 39; Doc. 58; Doc. 199; Doc. 258]. This is a class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, codified at 17 C.F.R. § 240.10b-5, brought pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. *See* [Doc. 44]. The original plaintiffs alleged that Defendants made materially false and misleading statements regarding the extent and nature of Farmland's related party transactions in making quarterly and yearly filings with the Securities and Exchange Commission ("SEC"). *See* [*id.* at 24–52].

On November 19, 2021, Plaintiff filed a Memorandum of Law in Support of Plaintiff's Unopposed Motion for Approval of Notice of Pendency of Class Action ("First Motion for Approval of Notice of Pendency of Class Action" or "First Motion") [Doc. 224], seeking the court's approval of (1) the form and content of the proposed Notice of Pendency of Class Action ("Long-Form Notice"), the proposed Summary Notice of Pendency of Class Action ("Summary Notice"), and the Postcard Notice of Pendency of Class Action ("Postcard Notice") (collectively, the "Notices"); (2) the proposed method of disseminating the Notices to the Class; and (3) the selection of JND Legal Administration ("JND") as the administrator for Class Notice (the "Notice Administrator"). *See* [Doc. 224]; *see also* [Doc. 225; Doc. 225-1 (Notice); Doc. 225-2 (Summary Notice); Doc. 225-3 (Postcard Notice)].

On January 21, 2022, the undersigned issued a Recommendation that the First Motion for

---

must "direct to class members the best notice that is practicable under the circumstances." Accordingly, this court proceeds by Recommendation.

Approval of Notice of Pendency of Class Action be granted in part and denied in part. [Doc. 258]. Relevant here, the undersigned recommended denial of the First Motion insofar as it sought approval of the content, form, and distribution method for the Summary Notice included with that motion, [Doc. 225-2]. *See* [Doc. 258 at 12]. This court found the prior Summary Notice to be inadequate "insofar as (1) it [did] not describe the nature of the action or the class claims; and (2) it [did] not expressly instruct Class Members to visit the Class Website to obtain further information regarding this action and their rights." [*Id.* at 8].

Plaintiff did not file an Objection to this court's Recommendation, and the presiding judge, the Honorable David M. Ebel, has not ruled on it. Instead, in response to this court's Recommendation, Plaintiff filed the instant Motion seeking the court's approval of the form and content of a revised Summary Notice. *See* [Doc. 291]; *see also* [Doc. 292-1]. Being fully advised of the premises, the court now turns to consider the instant Motion.

**LEGAL STANDARD**

Upon the certification of a class, notice must be given to all class members. Fed. R. Civ. P. 23(e)(1) (the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal"). Indeed, Rule 23 requires that, for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition to the requirements of Rule 23, the Due Process Clause "also guarantees unnamed class members the right to notice of certification or settlement." *DeJulius v. New Eng. Health Care Employees Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005). This due process right does not require "actual notice to each party intended to be bound by the adjudication of a representative action." *DeJulius v. N.E. Health Care Emp.*

*Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). Instead, the due process requirement is satisfied when "the best notice practicable under the circumstances [is given] including individual notice to all members who can be identified with reasonable effort," *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) (quotation omitted), which requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeJulius*, 429 F.3d at 944 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Federal Rules of Civil Procedure also provide substantive requirements for the notice to class members. Specifically, for classes certified under Rule 23(b)(3), the notice must clearly and concisely state in pain, easily understood language:

    (i) the nature of the action;

    (ii) the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Courts have "great discretion and flexibility in determining what is the best notice procedure to utilize under the circumstances of the case at hand." 7AA Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1788 (3d ed., Apr. 2016 update) (footnote omitted); *Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-cv-2330-WJM-NYW, 2016 WL 9735730, at *1 (D. Colo. Dec. 29, 2016).

## ANALYSIS

Plaintiff asks that the court approve a revised Summary Notice, which is filed at [Doc. 292-1]. *See* [Doc. 291].[2] The Summary Notice describes the nature of the action; defines the class certified; describes the class claims; informs the class members that they may hire their own lawyer; informs the putative Class Members that they may exclude themselves from the class and provides the method for doing so; and informs the Class Members that judgment will be binding on them absent an opt-out. *See* [Doc. 292-1 at 1]. Plaintiff also states he will post the Long-Form Notice on a dedicated website: www.farmlandpartnerssecuritieslitigation.com ("Class Website"), and includes a link to the website in the revised Summary Notice. *See* [*id.* at 2]. Thus, the court is satisfied that the proposed revised Summary Notice has cured the defects noted in the court's prior Recommendation [Doc. 258] and, therefore, meets the substantive requirements of Rule 23(c)(2).[3]

In addition, Plaintiff also attaches a revised Postcard Notice, which adds the toll-free number referenced in the Notices, and requests the court's approval of the same.[4] *See* [Doc. 292-2 at 2]. Given that the undersigned has already found the prior Postcard Notice [Doc. 225-3] met the substantive requirements of Rule 23(c)(2), the court likewise finds that the instant proposed revised Postcard Notice [Doc. 292-2] also is acceptable.

---

[2] Plaintiff also purports to incorporate the First Motion for Approval of Notice of Pendency of Class Action herein. *See* [Doc. 291 at 3–4].

[3] While the Summary Notice does not yet include the date by which putative Class Members can seek their exclusion from the class, *see* [Doc. 292-1 at 1], it appears that inclusion of this information will be based on the court's disposition of the instant Motion.

[4] In the undersigned's Recommendation, the court noted that the prior Postcard Notice "reference[d], but [did] not include, a phone number where Class Members can obtain more information". [Doc. 258 at 5 n.2].

For these reasons, the court respectfully **RECOMMENDS** that the instant Motion be **GRANTED** (1) insofar as it seeks approval of the content and form of the proposed Summary Notice [Doc. 292-1] and Postcard Notice [Doc. 292-2]; and (2) subject to the conditions that Plaintiff update (a) those Notices to include the date by which putative Class Members can seek their exclusion from the class; and (b) the Postcard Notice to include JND Legal Administration's P.O. Box address.

*Method of Distribution.* As explained in the court's prior Recommendation, Plaintiff represents that he will publish the Summary Notice "on three (3) separate occasions over a national business-oriented wire service, five (5) business days apart, with the first transmittal occurring within ten (10) calendar days of the Mailing Date." [Doc. 224 at 4].

With the defects corrected in the instant revised Summary Notice, the court finds that the publication of the same as described by Plaintiff in the First Motion to be an adequate means to notify and inform members of the class. *See Tech Instrumentation Inc. v. Eurton Electric Co. Inc.*, No. 16-cv-02981-MSK-KMT, 2019 WL 4386401, at *1 (D. Colo. Sept. 13, 2019) (finding "a summary postcard and full notice posted on a website" were "adequate means to notify and inform members of the class"); *In re Molycorp, Inc. Securities Litig.*, No. 12-cv-00292-RM-KMT, 2017 WL 4333997, at *8 (D. Colo. Feb. 15, 2017) (finding the proposed method of giving notice to be adequate where the plaintiffs, "through an experienced claims administrator, . . . propose[d] to give interested parties notice in two ways: by First–Class Mail, addressed to all Members of the Class who can reasonably be identified and located, and by publication in a nationally-circulated newspaper, *The Wall Street Journal*, and over a national newswire service"), *report and recommendation adopted,* 2017 WL 4333998 (D. Colo. Mar. 6, 2017). For these reasons, the court

respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent it seeks approval of the distribution method for the proposed revised Summary Notice.

## CONCLUSION

For the reasons stated herein, the court respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion [Doc. 291] be **GRANTED** (1) insofar as it seeks approval of the content and form of the proposed Summary Notice [Doc. 292-1] and Postcard Notice [Doc. 292-2]; and (2) subject to the conditions that Plaintiff update (a) those Notices to include the date by which putative Class Members can seek their exclusion from the class; and (b) the Postcard Notice to include JND Legal Administration's P.O. Box address; and

(2) The portions of this court's prior Recommendation [Doc. 258] be incorporated herein insofar as this court recommended that portions of Plaintiff's First Motion [Doc. 225] be granted.[5]

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales–Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

DATED:  March 10, 2022  BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

8